Mark H. Anania
Kristen M. Smith
**STEVENS & LEE**
Princeton Pike Corporate Center
100 Lenox Drive, Suite 200
Lawrenceville, NJ 08648
Tel: 609-718-0969
mark.anania@stevenslee.com
kristen.smith@stevenslee.com

Daniel J. Sobol
**STEVENS & LEE**
1500 Market Street, East Tower, 18th Floor
Philadelphia, PA 19102
Tel: 215-751-1945
daniel.sobol@stevenslee.com

*Attorneys for Plaintiff*
*Medieval Times USA, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MEDIEVAL TIMES U.S.A., INC.,**<br><br>       **Plaintiff,**<br><br>**v.**<br><br>**MEDIEVAL TIMES PERFORMERS UNITED, AMERICAN GUILD OF VARIETY ARTISTS**<br><br>       **Defendants.** | **Civil Action No.**<br><br>**COMPLAINT, DEMAND FOR JURY TRIAL, AND LOCAL RULE 11.2 STATEMENT** |

Plaintiff Medieval Times U.S.A., Inc. ("Plaintiff" or "Medieval Times"), a Delaware corporation with its principal place of business located at 5020 Riverside Drive, Building 3, Suite 400, Irving, Texas 75039, by and through its undersigned attorneys, hereby alleges by way of this Complaint against the unincorporated association Medieval Times Performers United ("Medieval Times Performers") with an address at 1000 Wall Street West, # 2, Lyndhurst, New Jersey 07071 and the unincorporated association American Guild of Variety Artists ("AGVA") with an address at 363 Seventh Avenue, 17th Floor, New York, New York 10001 (collectively with Medieval Times Performers referred to herein as "Defendants") the following:

**<u>NATURE AND BASIS OF THE ACTION</u>**

1.     This is an action by Medieval Times to prevent and restrain Defendants' unauthorized and infringing misappropriation of Medieval Times's well-known and distinctive MEDIEVAL TIMES® trademark.  For nearly 40 years years, Medieval Times has owned and operated Medieval-style castles where it provides food, beverages, and entertainment services (among other goods and services) to guests from across the country under the mark MEDIEVAL TIMES, including within this District at a castle located at 149 Polito Avenue, Lyndhurst, New Jersey 07071.  In doing so, Medieval Times has garnered extensive and well-established goodwill in the minds of consumers and a strong reputation for the unique experiences that Medieval Times provides.

2.     Threatening the established goodwill of Medieval Times, and knowingly coopting Plaintiff's exclusive rights in the "Medieval Times" name, Defendants recently formed an unincorporated association under the name "Medieval Times Performers United" purporting to be headquartered at or near the Medieval Times castle location in Lyndhurst, New Jersey.

1

Because Defendants use Medieval Times in the very name of their new organization, coupled with adopting other features meant to evoke Medieval Times and its services, consumer confusion as to an affiliation, sponsorship, or endorsement between the parties is inevitable if not already occurring.

3.     Accordingly, to prevent any further confusion, Medieval Times brings this action asserting claims for trademark infringement under 15 U.S.C. § 1114 and trademark infringement, unfair competition and false designation of origin under 15 U.S.C. § 1125(a)(1)(A).  Medieval Times also seeks injunctive relief to prevent Defendants from further infringing upon Medieval Times's goodwill and trademarks, and further seeks damages, disgorgement, attorneys' fees and other relief.

## THE PARTIES

### Plaintiff Medieval Times

4.     Plaintiff Medieval Times U.S.A., Inc. (herein, "Medieval Times") is a corporation organized and existing under the laws of Delaware with its headquarters and principal place of business at 5020 Riverside Drive, Building 3, Suite 400, Irving, Texas 75039.  Medieval Times owns and operates several Medieval-style castles located throughout the United States where it provides food, beverages, and entertainment to guests who purchase tickets for admission.  The castles owned and operated by Medieval Times include those located at: (1) 149 Polito Avenue, Lyndhurst, New Jersey 07071, (2) 7662 Beach Boulevard, Buena Park, California 90620; (3) 2904 Fantasy Way, Myrtle Beach, South Carolina 29579; (4) 2021 N. Stemmons, Dallas, Texas 75207; (5) 2001 N. Roselle Road, Schaumburg, Illinois 60195; (6) 4510 W. Irlo Vine Street, Kissimmee, Florida 34746; and (7) 9051 East Via de Ventura, Scottsdale, Arizona 85258.

5.      In addition to those locations owned and operated by Medieval Times U.S.A., Inc., two other wholly owned subsidiaries of Medieval Times U.S.A., Inc. own and operate other locations where MEDIEVAL TIMES goods and services can be found.  These affiliated entities include: Medieval Times Georgia, Inc. ("MT Georgia"), an affiliated corporation organized and existing under the laws of the State of Georgia, that owns and operates a castle at 5900 Sugarloaf Parkway, Lawrenceville, Georgia 30043 and Medieval Times Maryland, Inc. ("MT Maryland"), a corporation organized and existing under the laws of the State of Maryland, that owns and operates a castle at 7000 Arundel Mills Circle, Hanover, Maryland 21076.  Together, Medieval Times U.S.A., MT Georgia, and MT Maryland are collectively referred to herein as "Medieval Times."

**Defendants**

6.      Upon information and belief, Medieval Times Performers is an unincorporated association with an address at 1000 Wall Street West, #2, Lyndhurst, New Jersey 07071 that has the capacity to be sued in its common name.  Medieval Times Performers transacts business in interstate commerce, as it operates and provides services in at least New Jersey and California.

7.      Upon information and belief, AGVA is an unincorporated association with offices at 363 Seventh Avenue, 17th Floor, New York, New York 10001 and 5435 Cahuenga Boulevard, Suite C, North Hollywood, California 91601 that has the capacity to be sued in its common name.  AGVA transacts business in interstate commerce, as it operates and provides services in at least New Jersey, New York, and California.

8.      Upon further information and belief, both Defendants are associations that, among other things, act to organize the individuals they have recruited to join as dues paying members.

9.     Upon further information and belief, in committing the acts and engaging in the conduct alleged throughout this Complaint, each of the Defendants was the agent, principal, alter ego, joint venturer, partner, and/or co-conspirator of each other Defendant in this action and, at all relevant times mentioned herein, was acting within the course and scope of such capacities and with the consent of the other Defendant.

10.     Wherever reference is made herein to an act of one of the Defendants, such allegation shall be deemed to mean the acts of both Defendants, acting individually, jointly, and severally.

## JURISDICTION AND VENUE

11.     This action arises out of violations of the 15 U.S.C. § 1051, *et. seq*., and subject matter jurisdiction is therefore conferred upon this Court by 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338(a) (action arising under an Act of Congress relating to trademarks or copyrights).

12.     This Court has personal jurisdiction over Defendants because, upon information and belief: (a) Medieval Times Performers has a principal place of business in this District (and upon information and belief many of its members) reside in this District; (b) both Defendants have continuous, systematic and substantial business contacts with residents of this District including but not limited to their respective members; (c) both Defendants have purposely directed their activities to potential members located in this District where Medieval Times owns and operates a location and deliberately created confusion in this District among Medieval Times's existing and potential customers, many of whom reside in this District; and (d) both Defendants have engaged in acts of infringement in and/or targeted to this District.

13.     A substantial part of the events or omissions giving rise to the claims occurred in

this District.  Accordingly, venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b) and (c).

## GENERAL ALLEGATIONS

**Medieval Times, Its Services, and the Medieval Times Mark**

14.     Medieval Times is the owner of the one-of-a-kind entertainment brand MEDIEVAL TIMES® that has hosted medieval-themed dinner theater performances throughout the United States since the 1980s.

15.     What debuted as "Medieval Times" in the United States has its roots in Spain, which is home to the rich history behind the stories told through today's Medieval Times performances.  The founders of Medieval Times opened their first castles in Spain in the 1960s based on the true medieval tradition of royal families inviting guests to a festival and feast to watch knights compete on horseback.

16.     Today, at each castle location in the United States, Medieval Times recreates those authentic experiences by hosting medieval-themed "Dinner and Tournament" events for many different types of consumers who purchase tickets for a given performance.  The Medieval Times experience begins as visitors are greeted by a "royal family."  Guests receive a colored crown corresponding to their seating area and the knight they will cheer for throughout the tournament.  During the show, each performance features displays of middle ages-style jousting on horseback and bouts of hand-to-hand combat between knights and other combatants who are cheered on by the crowd while members of the royal family preside over and narrate the action. During these performances, the guests are treated as royal guests to a medieval-style feast served in the stands by Medieval Times staff in period dress as the guests watch, and to some extent participate in, the competitive tournament staged below.

17.    Paramount to the Medieval Times consumer experience is that the services are provided not just at standard event venues, but at Medieval Times's own, unique, 11th century-style castle structures — featuring castle-style exteriors with ramparts displaying crests and coats of arms, drawbridge and portico gated entryways, and interiors adorned with medieval décor, crests, coats of arms, suits of armor, and genuine medieval artifacts.  Even the tournament arena itself it designed in the traditional medieval style.  Together with Medieval Times staff and performers adorned in middles ages-style dress, these elements evoke in consumers the unique and unforgettable feeling of being transported to another time.  Exemplary images of Medieval Times castles and the services provided therein appear below:



*Photo of exterior of Medieval Times castle in Myrtle Beach, South Carolina*



*Photo of exterior of Medieval Times castle in Atlanta, Georgia*



*Photo of Medieval Times performer portraying a knight in jousting performance*



*Photo of Medieval Times castle interior featuring a crest/coat of arms on ceiling*



*Photo of Medieval Times castle interior featuring various crests and coats of arms on shields as well as various pieces of middle age weaponry and décor*



*Photo of Medieval Times castle interior featuring various crests and coats of arms on flags and glassware*

18.    In addition to the main dinner performance at the primary arena, each Medieval Times location provides customers with various pre- and post-show experiences, some of which require payment of an additional fee, including entering the facility by crossing a drawbridge, exploring the medieval-themed facility, participating in a knighting ceremony, meeting the trained horses and falcons that participate in the show, and taking photographs with the Medieval Times staff.

19.    In addition to providing guests with a meal that is included in the ticket price, Medieval Times also sells concessions at each of its locations, including other food and beverage.

20.    Each Medieval Times location also features a gift shop where consumers can purchase commemorative Medieval Times branded or themed merchandise including costumes and medieval toy weapons as shown below to help remember their day at the castle:



*Photo of example Medieval Times gift shop*

21.     Individual tickets to each Medieval Times performance are available to members of the general public both in-person and online for any given performance.  Moreover, Medieval Times also offers various packages for group events including birthday parties, corporate outings, field trips, summer camps, holiday parties and proms.  Medieval Times offers a corporate affiliate program through which it offers ticket rates to certain participants.

22.     Together, these "Dinner and Tournament" events and related experiences, whether for ordinary consumers, private groups, organizational purchase, or otherwise are referred to herein as the "Medieval Times Services."

23.     Medieval Times provides the Medieval Times Services under the now famous MEDIEVAL TIMES mark (the "Medieval Times Mark"), which has been in continuous uninterrupted used in United States commerce since the early 1980s.  In addition to its

longstanding common law rights, the Medieval Times Mark also is the subject of U.S. trademark registration No. 1,515,854 for "Entertainment services, namely a dinner served in medieval style with an accompanying medieval tournament performance" in Class 41 and "Dinner served in medieval style preceding and accompanying a medieval tournament performance" in Class 42. Plaintiff Medieval Times U.S.A., Inc. is, by assignment and merger, the owner of all right, title, and interest in and to the Medieval Times Mark and its federal registration.

24.     Registered with the United States Patent and Trademark Office since 1988, the Medieval Times Mark is now incontestable pursuant to 15 U.S.C. §1065, which itself is conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce. 15 U.S.C. § 1115(b).  A true and correct copy of the registration certificate for Medieval Times' U.S. Registration No. 1,515,854 is attached hereto as **Exhibit A**.

25.     Consistent with theme and décor of its services, the Medieval Times Mark is most often displayed in a stylized font in either red or yellow meant to again evoke the middle ages, as permitted by its plain word mark registration:



26.     Under the Medieval Times Mark, since its inception, Medieval Times has performed over 100,000 shows for over 75 million guests at its various locations. Due to the quality of its unique consumer experience, and the notoriety of its Medieval Times Mark and branding, Medieval Times has derived substantial revenue from the Medieval Times Services throughout Medieval Times' history.

27.     Part of the success of Medieval Times is attributable to the significant resources that Medieval Times has expended to market and promote the Medieval Times Services under its Medieval Times Mark.  Medieval Times spends substantial amounts of its annual revenues on advertising and promotional efforts.  These efforts have included traditional channels including national television advertisements and radio advertisements and in more recent years, a focus on digital marketing including on social media, on streaming platforms, and use of search engine optimization (known as "SEO").

28.     As a testament to its place in American culture, Medieval Times also has received several accolades and market recognition for its unique services including:

(1)     The Medieval Times castle in Buena Park, California appears in the 1996 cult classic film, "The Cable Guy" starring Jim Carrey, Matthew Broderick, and Ben Stiller;

(2)     The Medieval Times castle in Lyndhurst, New Jersey appears in the 2004 critically-acclaimed film, "Garden State" starring Zach Braff;

(3)     Medieval Times has been featured or referenced in episodes of TV shows such as Friends, Cake Boss, The Simpsons, Hell's Kitchen, The Celebrity Apprentice, and Close Enough;

(4)     In 2019, Medieval Times was awarded Tripadvisor's Certificate of Excellence;

(5)     The official Medieval Times Facebook page is followed by over 1 million people;

(6)     The official Medieval Times Instagram page has nearly 55,000 followers; and

(7)     The official Medieval Times Twitter page has nearly 27,000 followers.

29.     As a direct result of Medieval Times's sales, advertising and marketing over many decades, the public has come to recognize the iconic Medieval Times Mark as exclusively identifying Medieval Times's unique dinner-theater show and related services and a symbol of the considerable goodwill it has earned among American consumers and families.

30.     It is Medieval Times' control over this very goodwill that recent actions by Defendant have now threatened.

**Defendants and Their Wrongful Acts**

31.     Upon information and belief, Medieval Times Performers was formed on or about June 28, 2022 and adopted the name and trademark "Medieval Times Performers United" (the "Medieval Times Performers Mark"), which knowingly coopts the entirety of Plaintiff's MEDIEVAL TIMES® mark.

32.     Upon information and belief, in exchange for fees in the form of dues that are collected from its members, Medieval Times Performers, represented by and in conjunction with AGVA, provides organizational services on behalf of its members with the aspiration of engaging in collective bargaining, as well as other products and services (the "Medieval Times Performers Goods and Services") under the Medieval Times Performers Mark.

33.     More than just as a name on some filings, Medieval Times Performers publicly uses the Medieval Times Performers Mark, on the internet, and in its promotional efforts as its primary and only source identifier.

34.     For instance, Medieval Times Performers promotes the Medieval Times Performers Goods and Services under the Medieval Times Performers Mark through a website associated with the domain <mtunited.org> (the "Medieval Times Performers Website").  The Medieval Times Performers Website landing page prominently features the Medieval Times

Mark as a component of the Medieval Times Performers Mark in plain typeface as the title of the website.  But making matters worse, the Medieval Times Performers Website also displays the Medieval Times Performers Mark in the form of a logo with stylized text and additional features including a castle, and swords (the "Medieval Times Performers Logo") as shown below:





**Medieval Times actors, stunt performers, and stable hands are joining together in union. Represented by the American Guild of Variety Artists (AGVA).**

35.    The elements featured in the Medieval Times Performers Logo (*i.e.*, castle, swords, old script style text) all resemble elements of Medieval Times's branding and middle ages-themed décor, which are clearly meant to evoke Medieval Times' unique image:

| Close-up of Font | Medieval Times Logo |
|---|---|



*Similar font styles*

| Medieval Times PerformersLogo | Medieval Times Décor and Gift Shop Merchandise |
|---|---|



*Crossed swords and crest-style symbol are similar to décor and souvenirs at Medieval Times*

| Close-Up of Castle Graphic on Union Logo | Medieval Times Castle |
|---|---|
|  | |

*Castle in logo is similar to Medieval Times's castles*

36.     Further, the Medieval Times Performers Logo and the Medieval Times Performers Website, in general, prominently feature the colors red and yellow – which are the primary colors used by Medieval Times in its branding, as shown below:



*Photo of façade of Medieval Times castle featuring red and yellow in signage and décor*



*Photo of Medieval Times employees in red uniforms and Medieval Times souvenir shield with red and yellow design and font*



*Photo of Medieval Times performer portraying the "Queen" in a red and yellow/gold dress and red backdrop*

37.     In addition to coopting Medieval Times imagery and colors on the Medieval Times Performers Website, Medieval Times Performers also appropriates Medieval Times's Lyndhurst and Buena Park locations as its own for the purpose of consumers getting in contact with Medieval Times Performers, as shown below:



38.     Further adding to the impression that Medieval Times Performers is officially affiliated with Medieval Times, the Medieval Times Performers Website displays a picture of its alleged members, inside a Medieval Times castle, wearing Medieval Times uniforms and costumes, as shown below:



39.     In addition to what appears on the Medieval Times Performers Website, Medieval Times Performers also promotes the Medieval Times Performers Goods and Services through various social media channels.

40.     For instance, Medieval Times Performers maintains a Facebook page with the username "Medieval Times Performers United" (the "Medieval Times Performers Facebook Page").  The Medieval Times Performers Facebook Page displays the Medieval Times Mark as part of the page's username as well as the Medieval Times Performers Logo and a red and yellow banner/cover photo as shown below:



41.    The elements featured in the banner/cover photo on the Medieval Times Performers Facebook page (*i.e.*, red and yellow color scheme, castle image, and a scalloped border again evocative of a crest or coat of arms) again resemble elements of Medieval Times's branding and the décor at its castle locations.

42.    Medieval Times Performers also promotes the Medieval Times Performers Goods and Services through a Twitter page with the username/handle "MTUnitedNJ" (the "Medieval Times Performers Twitter Page").  The Medieval Times Performers Twitter Page likewise displays the Medieval Times Mark as part of the page's title and the same red and yellow banner that is displayed on the Medieval Times Performers Facebook Page.

43.    Additionally, Medieval Times Performers promotes the Medieval Times Performers Goods and Services through an Instagram page with the username @mtunitedca (the "Medieval Times Performers Instagram Page").  The Medieval Times Performers Instagram page displays the Medieval Times Performers Logo and otherwise employs the familiar red and

yellow color scheme seen on the Medieval Times Performers Website, Medieval Times Performers Facebook Page, and Medieval Times Performers Twitter page.

44.     Moreover, the Medieval Times Performers Instagram page also advertises merchandise bearing the Medieval Times Performers Logo (which again contains Plaintiff's Medieval Times Mark) that, upon information and belief, Medieval Times Performers is selling in interstate commerce:



45.     Despite wholly adopting the Medieval Times Mark as well as many Medieval Times-adjacent elements in its branding and marketing, Medieval Times Performers makes no attempt to disclaim any affiliation with Medieval Times by way of a disclaimer on the Medieval Times Performers Website or otherwise.

46.     Given its similarity to the Medieval Times Mark, Medieval Times Performers' use of the Medieval Times Performers Mark alone is likely to cause confusion among

consumers as to a false affiliation, endorsement, or sponsorship with Medieval Times. But such confusion is made even more likely by Medieval Times Performers' intentional adoption of additional themes and imagery that are evocative of elements and aesthetics of the Medieval Times experience.

47.     In providing and marketing the Medieval Times Performers Goods and Services as alleged herein, Medieval Times Performers is "represented by AGVA" as indicated in the very Medieval Times Performers Logo and otherwise on the Medieval Times Performers Website in which AGVA's contact information is provided for inquiries, as shown below:





48.     Further, on AGVA's own website associated with the domain <agvausa.com>, AGVA shares news updates regarding Medieval Times Performers, as shown below:



49.     As alleged above upon information and belief, each of the actions alleged herein is equally attributable to both Defendants, which are agents, principals, servants, alter egos, joint venturers, partners, and/or co-conspirators of one another in this action.

**<u>Defendants' Wrongful Conduct Has Caused Medieval Times Harm and Risks Significant Future Harm</u>**

50.     Medieval Times is not affiliated with Defendants and did not consent to the use of its brand name and trademark in connection with the Medieval Times Performers Goods and Services.

51.     Defendants' use of the Medieval Times Performers Mark in connection with the Medieval Times Performers Goods and Services on the Medieval Times Performers Website, the Medieval Times Performers Facebook Page, the Medieval Times Performers Twitter Page, the Medieval Times Performers Instagram Page, on merchandise, on marketing materials, and wherever else the Medieval Times Performers Goods and Services are advertised and promoted

is likely to cause confusion that Defendants have an affiliation, connection or association with Medieval Times or that Medieval Times sponsors or approves of the Medieval Times Performers Goods and Services.

52.    A false affiliation between Defendants and Medieval Times causes Medieval Times to lose control over its well-known brand as well as to subject Medieval Times to the risk that any acts by Defendants could be mistakenly attributable to Plaintiff by the consuming public.  Moreover, the use of the Medieval Times Mark in the very name of Medieval Times Performers could lead to the mistaken impression that Medieval Times Performers is sponsored by Medieval Times, which could lead employees to believe that Medieval Times somehow requires its employees to become members of Medieval Times Performers.  Worse yet, Defendants' use of the Medieval Times Mark in Medieval Times Performers name also could lead to the mistaken impression that Medieval Times Performers is somehow endorsed by Plaintiff, which could subject Plaintiff to otherwise unwarranted claims arising under the National Labor Relations Act, 29 U.S.C. §§ 151-169, or any other claims deriving from the actions of Defendants and their members.

53.    These risks and harms wrought by Defendants' infringing use of the Medieval Times Performers Mark are only exacerbated by Defendants' appropriation of Medieval Times' other themes, colors, imagery, private-property, and addresses, which further contribute to and amplify the likely confusion that Defendants are affiliated, sponsored, or endorsed by Medieval Times.

54.    This confusion has harmed, and will continue to harm, Medieval Times in at least in the form of lost control over its brand and goodwill while also causing Medieval Times to suffer actual damages.

55.     Confusion regarding the Medieval Times brand and its goodwill is a serious problem for Medieval Times.  Medieval Times has built a reputation over its 40-year history that is jeopardized by confusion and loss of control caused by Defendants' use in the market of the infringing Medieval Times Performers Mark, which is only worsened by Defendants' other actions that borrow from Medieval Times distinctive themes and imagery.

56.     As the owner of the longstanding goodwill and exclusive rights in the Medieval Times Mark, these risks caused by Medieval Times Performers leave Medieval Times no choice but to exercise its duty to enforce its rights to curtail this threat of confusion.

## COUNT I
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

57.     Medieval Times repeats and re-alleges the allegations of the foregoing paragraphs of its Complaint as if fully set forth herein.

58.     Defendants' use of the Medieval Times Mark without the authorization or consent of Medieval Times in connection with the sale, offering for sale, and distribution of the Medieval Times Performers Goods and Services constitutes a use in interstate commerce that is likely to cause confusion, deception and mistake by buyers and the consuming public.

59.     Defendants' acts create a likelihood that a false and unfair association will be made between Defendants, the Medieval Times Performers Goods and Services, and Medieval Times, such that the purchasing public is likely to believe that Defendants are authorized by Medieval Times to provide the Medieval Times Performers Goods and Services and/or that Defendants and the Medieval Times Performers Goods and Services are otherwise affiliated with, sponsored by, or endorsed by Medieval Times.

60.     These acts by Defendants constitute trademark infringement under 15 U.S.C. § 1114.

61.     Upon information and belief, Defendants have acted at the least recklessly and at the most intentionally for the purposes of deceiving the public that Defendants are authorized by Medieval Times to provide the Medieval Times Performers Goods and Services and/or that Defendants and the Medieval Times Performers Goods and Services are otherwise affiliated with, sponsored by, or endorsed by Medieval Times.

62.     Defendants' acts have caused and, if allowed to continue, will continue to cause Medieval Times to suffer substantial irreparable harm in the nature of loss of control over its reputation and loss of consumer goodwill that Defendants are unwilling or unable to protect. Medieval Times has no adequate remedy at law, and greater injury will be inflicted upon Medieval Times than Defendants if not enjoined.

63.     As a result of the foregoing, Medieval Times has suffered actual damages and Defendants have been unjustly enriched.

64.     Defendants' actions have been in bad faith entitling Medieval Times to treble damages, attorneys' fees and cost of suit, and to such other and further relief, as the Court shall deem appropriate in the circumstances.

## COUNT II
## TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)(1)(A)

65.     Medieval Times repeats and realleges the allegations of the foregoing paragraphs of its Complaint as if fully set forth herein.

66.     Defendants' use of the Medieval Times Mark without authorization in connection with Medieval Times Performers Goods and Services constitutes use in interstate commerce that is likely to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection, or association of Defendants with Medieval Times, such that consumers may believe

that the Medieval Times Performers Goods and Services are sponsored by, endorsed by, approved by, licensed by, authorized by, or affiliated or connected with Medieval Times.

67.    Defendants' acts constitute trademark infringement, false designation of origin, and unfair competition in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

68.    Upon information and belief, Defendants have acted at the least recklessly and at the most intentionally for the purposes of deceiving the public that Defendants are authorized by Medieval Times to provide the Medieval Times Performers Goods and Services and/or that Defendants and the Union Goods and Services are otherwise affiliated with, sponsored by, or endorsed by Medieval Times.

69.    Defendants' acts have caused and, if allowed to continue, will continue to cause Medieval Times to suffer substantial irreparable harm in the nature of loss of control over its reputation and loss of consumer goodwill that Defendants are unwilling or unable to protect. Medieval Times has no adequate remedy at law, and greater injury will be inflicted upon Medieval Times than Defendants if not enjoined.

70.    As a result of the foregoing, Medieval Times has suffered actual damages and Defendants have been unjustly enriched.

71.    As a result of the foregoing, Medieval Times has lost profits, and Defendants have been unjustly enriched.

## **PRAYER FOR RELIEF**

WHEREFORE, Medieval Times respectfully demands judgment:

(1)    That Defendants and any related companies, affiliates, officers, agents, employees, successors and assignees, and all persons in active concert or participation with any of them, be temporarily, preliminarily, and permanently enjoined and restrained from:

(a)   Marketing, promoting, advertising, selling, or providing services under the name MEDIEVAL TIMES (alone or in combination with other terms, including "Performers United");

(b)   Using, imitating, or copying Plaintiff's MEDIEVAL TIMES trademark – alone or in combination with other terms or designs, including but not limited to "Performers United" – or any words confusingly similar thereof, as a trademark, trade name, domain name, social media handle, metatag or in any hidden data including but not limited to any Internet searching tool, or otherwise in connection with the advertising, display, sale, offering for sale, or provision of any services in any medium, including but not limited to online;

(c)   Making any implied or express statements that are likely to cause consumers to believe that Defendants' goods or services originate from Medieval Times or are associated with, or endorsed or sponsored by Medieval Times, or that Medieval Times and Defendants are related to one another, in connection with marketing, promoting, advertising, selling, or providing any of Defendants' goods or services;

(d)   Using as a name or mark "Medieval Times Performers United" or any variation thereof;

(e)   Using in the future any name, mark or false designation of origin, or false description which can, or is likely to, lead members of the public to believe that any service or product provided by Defendants is in any manner associated or connected with Medieval Times or is sold, licensed, sponsored, approved or authorized by Medieval Times;

28

(f)   Engaging in any infringement of Plaintiff's trademarks or trade names that may lead purchasers to a false belief that Defendants' goods or services are sold or provided under the control and supervision of or are approved and connected with Medieval Times;

(g)   Registering or applying to register – as a trademark, service mark, trade name, domain name, trade name, company name, social media handle, or any other source identifying or symbol of origin  the mark "Medieval Times Performers United," or any other mark or name containing the words "Medieval Times," or any other mark or name that infringes on or is likely to be confused with Plaintiff's MEDIEVAL TIMES trademarks or trade name;

(h)   Further infringing the Medieval Times Mark and damaging Plaintiff's goodwill and business reputation; and

(i)   Effecting assignments or transfers, forming new entities or associations, or any other action with the intention of circumventing or otherwise avoiding any of the obligations or prohibitions entered into by this Court.

(2)   That Defendants, within 30 days after service of judgment, with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner in which each has complied with paragraphs 1 and 2, above.

(3)   That Defendants be required to make an accounting of all profits, gains, and advantages that Defendants have derived as a result of their unlawful conduct.

(4)   That Defendants be required to pay to Plaintiff, in accordance with 15 U.S.C. § 1117(a) and all other applicable laws, such damages as Plaintiff has suffered in consequence of

Defendants' infringement of the Medieval Times Mark and from the above-described acts of misrepresentation, false designation, and unfair trade practices, including but not limited to the following:

      (a)   Three times all gains and profits derived by Defendants attributable to the above described acts of misrepresentation, trademark infringement, unfair competition, and unfair trade practices, or, in the alternative, three times Plaintiff's lost profits or a reasonable royalty as a proxy for Plaintiff's actual damages, whichever is greater; and

      (b)   All costs and attorneys' fees and costs incurred in this action including an award of treble damages as applicable.

    (5)    That Plaintiff shall have such other and further relief as the Court deems just and proper in the circumstances.

**JURY DEMAND**

Medieval Times demands a trial by jury of all issues triable as of right by a jury in this action.

Dated: October 13, 2022              *s/ Mark H. Anania*

                           Mark H. Anania
                           Kristen M. Smith
                           **STEVENS & LEE**
                           Princeton Pike Corporate Center
                           100 Lenox Drive, Suite 200
                           Lawrenceville, NJ 08648
                           Tel: 609-718-0969
                           mark.anania@stevenslee.com
                           kristen.smith@stevenslee.com

                           Daniel J. Sobol
                           **STEVENS & LEE**
                           1500 Market Street, East Tower, 18th Floor

Philadelphia, PA 19102
Tel: 215-751-1945
daniel.sobol@stevenslee.com

*Attorneys for Plaintiff*
*Medieval Times USA, Inc.*

## LOCAL CIV. R. 11.2 CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.  I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 13, 2022                          *s/ Mark H. Anania*

                                                  Mark H. Anania
                                                  Kristen M. Smith
                                                  **STEVENS & LEE**
                                                  Princeton Pike Corporate Center
                                                  100 Lenox Drive, Suite 200
                                                  Lawrenceville, NJ 08648
                                                  Tel: 609-718-0969
                                                  mark.anania@stevenslee.com
                                                  kristen.smith@stevenslee.com

                                                  Daniel J. Sobol
                                                  **STEVENS & LEE**
                                                  1500 Market Street, East Tower, 18th Floor
                                                  Philadelphia, PA 19102
                                                  Tel: 215-751-1945
                                                  daniel.sobol@stevenslee.com

                                                  *Attorneys for Plaintiff*
                                                  *Medieval Times USA, Inc.,*