David Tykulsker, Esq. (2609)
David Tykulsker & Associates
161 Walnut Street
Montclair, NJ 07042
(973) 509-9292 (office)
(973) 509-1181 (fax)
david@dtesq.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

| | |
|---|---|
| MEDIEVAL TIMES U.S.A., INC., | ) |
| | ) |
| Plaintiff, | ) Case No. 2:22-cv-06050 (WJM) (ESK) |
| | ) |
| v. | ) |
| | ) Civil Action |
| MEDIEVAL TIMES PERFORMERS UNITED, and AMERICAN GUILD OF VARIETY ARTISTS, | ) |
| | ) Motion Return Date: November 6, 2023 |
| | ) |
| Defendants. | ) |
| | ) |

_____

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION
FOR ATTORNEYS' FEES AND COSTS**

_____

## **TABLE OF CONTENTS**

                                                                                             **Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -i-

ARGUMENT
       PLAINTIFF'S USE OF TRADEMARK TO
       FURTHER ITS ANTI-UNION CAMPAIGN,
       ITS OBJECTIVELY UNREASONABLE CASE
       AND THE NEED FOR COMPENSATION AND
       DETERENCE ALL DEMONSTRATE THAT
       THIS IS AN EXCEPTIONAL CASE CALLING
        FOR LANHAM ACT FEES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# **TABLE OF AUTHORITIES**

**Page**

*Air Express Int'l v. LOG-NET, Inc.*,
    2019 U.S. Dist. LEXIS 54937 (D.N.J. Mar. 31, 2019) . . . . . . . . . . . . . . . . . . . . . . . . 4

*Elec. Commun. Techs., LLC v. ShoppersChoice.com, LLC*,
    963 F.3d 1371 (Fed. Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Fair Wind Sailing, Inc. v. Dempster*,
    764 F.3d 303, 61 V.I. 797 (3d Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

*Fogerty v. Fantasy, Inc.*,
    510 U.S. 517, 114 S. Ct. 1023 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8

*Giant Food LLC*, 2012 NLRB
    LEXIS 896, (NLRB G.C. March 21, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

*Greenberg v. Perfect Body Image, LLC*,
    2022 U.S. App. LEXIS 2775 (2d Cir. Jan. 31, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Gym Door Repairs v. Total Gym Repairs*,
    U.S. Dist. LEXIS 34790 (S.D.N.Y. Feb. 22, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Livingston v. Adirondack Beverage Co.*,
    141 F.3d 434 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Miller v. Hurst*,
    2022 U.S. App. LEXIS 2494 (6th Cir. Jan. 26, 2022) . . . . . . . . . . . . . . . . . . . . . . . . 8

*Morning Sun Books, Inc. v. Div. Point Models, Inc.*,
    826 Fed. Appx. 167 (3d Cir. Sept. 16, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
    572 U.S. 545, 134 S. Ct. 1749, 188 L. Ed. 2d 816 (2014) . . . . . . . . . . . . . . 1, 4, 6, 7, 8

*Park 'n Fly v. Dollar Park & Fly*,
    469 U.S. 189, 105 S. Ct. 658 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Renna v. Cty. of Union, N.J.*
    2015 U.S. Dist. LEXIS 52381 (D.N.J. Apr. 21, 2015) . . . . . . . . . . . . . . . . . . . . . . . . 5

## **TABLE OF AUTHORITIES**

**Page**

*Universal Church, Inc. v. Universal Life Church/ULC Monastery*,
    2019 U.S. Dist. LEXIS 163253 (S.D.N.Y. Sept. 19, 2019) . . . . . . . . . . . . . . . . . . . . . . 2

*Wakefern Food Corp. v. Marchese*
    2023 U.S. App. LEXIS 12158 (3d Cir. May 16, 2023) . . . . . . . . . . . . . . . . . . . . . . . . 7

*Warren Tech., Inc. v. Ul, LLC*
    2021 U.S. Dist. LEXIS 44290 (S.D. Fla. Mar. 10, 2021) . . . . . . . . . . . . . . . . . . . . . . 5

*Yankee Candle Co. v. Bridgewater Candle Co., LLC*,
    140 F. Supp. 2d 111 (D. Mass. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

<u>U.S. Code</u>
29 U.S.C. § 157 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

15 U.S.C. § 1117(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**ARGUMENT**

**PLAINTIFF'S USE OF TRADEMARK TO FURTHER ITS ANTI-UNION CAMPAIGN, ITS OBJECTIVELY UNREASONABLE CASE AND THE NEED FOR COMPENSATION AND DETERENCE ALL DEMONSTRATE THAT THIS IS AN EXCEPTIONAL CASE CALLING FOR LANHAM ACT FEES**

Plaintiff brought this meritless trademark infringement suit as part of its relentless campaign to obstruct its employees' efforts to unionize. The anti-union undergirding of this suit make this an exceptional trademark case. The Lanham Act provides that a "court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). As Defendants have secured a dismissal with prejudice of the Complaint, there is no question that Defendants are the prevailing party here, and the Supreme Court has instructed that "(p)revailing plaintiffs and prevailing defendants are to be treated alike" with regard to Lanham Act attorney's fees. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, 114 S. Ct. 1023, 1033 (1994).

In *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 315, 61 V.I. 797 (3d Cir. 2014), the Third Circuit adopted the test for exceptionality under the Lanham Act set forth in the patent case of *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 134 S. Ct. 1749, 188 L. Ed. 2d 816 (2014). Citing *Fogerty*, *supra,* the Supreme Court stated "in determining whether to award fees under a similar provision in the Copyright Act, district courts could consider a 'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" 572 U.S. at 554 n.6, 134 S. Ct. 1749, 1756; see also *Morning Sun Books, Inc. v. Div. Point Models, Inc.*, 826 Fed. Appx. 167, 170 (3d

Cir. Sept. 16, 2020) ("In exercising their discretion to decide whether to award attorney's fees, district courts 'should consider' several 'nonexclusive' factors such as 'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'") (citations omitted). Examination of these factors as a whole demonstrates Defendants' entitlement to fees.

1.       FRIVOLOUSNESS - "An action is 'frivolous' when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). "A claim is based on an 'indisputably meritless legal theory' when either the claim lacks an arguable basis in law, . . . or a dispositive defense clearly exists on the face of the complaint." *Livingston*, 141 F.3d at 437.

Here, the dispositive defenses were apparent on the face of the Complaint, and led directly to the motion to dismiss. <u>Cf</u>, *Universal Church, Inc. v. Universal Life Church/ULC Monastery*, No. 14 Civ. 5213, 2019 U.S. Dist. LEXIS 163253, 2019 WL 4601741, at *3 (S.D.N.Y. Sept. 19, 2019) (declining to find Plaintiff's complaint frivolous because "defendant['s] failure to move to dismiss any of plaintiff[s'] claims at the outset of this litigation is telling.") As this Court noted in its Opinion [Dkt # 47] setting forth the reasons for dismissal:

> Plaintiff has pled no factual allegations that support its theory that Defendants' use of the MTPU name could lead to the mistaken impression that Defendants are affiliated with or endorsed by Medieval Times or that Medieval Times' employees are required to become members of the Union. Plaintiff's assertion is entirely conclusory. In fact, consumers are not likely to believe that Defendants are endorsed by Medieval Times or to be confused as to source because the MTPU logo, as discussed above, is not

> confusingly similar to the Medieval Times Mark and instead clearly states: "Medieval Times actors, stunt performers, and stable hands are joining together in union. Represented by the American Guild of Variety Artists (AGVA)" and "United for a fairer, safer, and more enjoyable workplace at Medieval Times."
>
> Given the union context, consumers are also not likely to be confused as to similarity of function.

Simply put, the factual claim of potential confusion between the employer and the union was objectively baseless.

Additionally, for more than a decade the National Labor Relations Board General Counsel has clearly stated that the legal theory which prompted this lawsuit — that a union violates federal trademark laws by using an employer's trademarked name as part of the union's communications regarding working conditions — is meritless.

> Although an employer has a proprietary interest in its trademarks, including its logo if trademarked, employees' use of its name, logo, or other trademark while engaging in Section 7 activity[1] would not infringe on that interest . . . Courts have identified three interests that are protected by the trademark laws:
>
> > (1) the trademark holder's interest in protecting the good reputation associated with his mark from the possibility of being tarnished by inferior merchandise sold by another entity using the trademark;
> >
> > (2) the trademark holder's interest in being able to enter a related commercial field at some future time and use its well established trademark; and

---

[1] Activities by employees to advance unionization of their workplace are protected by 29 U.S.C. § 157.

>   (3) the public's interest in not being misled as to the source of products offered for sale using confusingly similar marks.
>
>   **These interests are not remotely implicated by employees' noncommercial use of a name, logo, or other trademark to identify the Employer in the course of engaging in Section 7 activity related to their working conditions.**

*Giant Food LLC*, 2012 NLRB LEXIS 896, at *25 (NLRB G.C. March 21, 2012).  As Plaintiff's papers cite an earlier NLRB General Counsel memo as authority [Dkt #19, p. 20], it is clear that it knew or should have known that its basic legal claim had no merit.

For these reasons, the first *Octane Fitness* factor weighs in favor of an award of fees.

2.   MOTIVATION

Despite multiple opportunities to allege actual confusion or facts sufficient to raise a plausible likelihood of confusion, Defendants utterly failed to do so, as the Court pointed out in its opinion. The question arises then, as to what its motivation might be, since there was no legitimate trademark dispute here. It certainly could not have been to recover money damages from the primary defendant, Medieval Times Performers' Union ("MTPU"), as it is essentially judgment-proof.  Its claim for injunctive relief against the use of "Medieval Times" in the Defendant's name was faced with the insuperable barrier that it was involved in a labor dispute with the Defendants such that an injunction was barred by the Norris-LaGuardia Act.   Here the only logical conclusion to be drawn is the Plaintiff was "improperly motivated [because it did not have] not have a good faith intent to protect a valid interest, but rather a desire to discourage and financially damage [defendant] by forcing it into costly litigation." See Air Express Int'l v. LOG-NET, Inc., Civil Action No. 12-1732 (MAS) (TJB), 2019 U.S. Dist. LEXIS 54937, at *39-40 (D.N.J. Mar. 31, 2019), citing *Yankee Candle Co. v. Bridgewater Candle Co., LLC*, 140 F.

Supp. 2d 111, 116 (D. Mass. 2001) (one citation and quotation marks omitted). In this case, the damage was to be directed at the labor organization seeking to unionize Plaintiff's employees and the employees themselves.

Indeed, that labor dispute is the key to understanding Plaintiff's motivation, as made clear by an objective review of the Complaint. The Complaint alleged that the MTPU, "represented by and in conjunction with AGVA, provides organizational services . . . with the aspiration of engaging in collective bargaining." (Compl. ¶ 32.) Plaintiff further alleged that that MTPU used Plaintiff's mark in MTPU's "promotional efforts;" that is, in its efforts to promote its aforementioned goal of engaging in collective bargaining. (Id. ¶ 33.) As Defendants previously advised the Court, Region 22 of the National Labor Relations Board has found merit in multiple Unfair Labor Practices by Plaintiff meant to deter unionization. [Dkt # 40-2.] Such wrongful pre-litigation conduct has been found relevant to the determination to award fees. See *Renna v. Cty. of Union, N.J.*, No. 2:11-3328 KM MAH, 2015 U.S. Dist. LEXIS 52381, 2015 WL 1815498 (D.N.J. Apr. 21, 2015); see also *Elec. Commun. Techs., LLC v. ShoppersChoice.com, LLC*, 963 F.3d 1371, 1377 (Fed. Cir. 2020) (holding relevant to the fee determination "the broader context" of plaintiff's lawsuit against defendant). As Defendants had pointed out to the Court, Plaintiff's counsel was entirely clear that the instant lawsuit was meant to deter employee collective activity in this and other "high-profile unionization campaigns." [Dkt #47, p.7, n.2.] In sum, there is substantial evidence of record that Plaintiff's purpose in bringing this lawsuit was to deter the unionization of its New Jersey and California employees, as well as those located elsewhere. See *Warren Tech., Inc. v. Ul, LLC*, No. 1:18-cv-21019-UU/LMR, 2021 U.S. Dist. LEXIS 44290, at *4 (S.D. Fla. Mar. 10, 2021) ("there is evidence that this case was litigated in bad faith or with an improper anticompetitive purpose because the case was brought as as a strategic ploy to try to

achieve a competitive advantage"). Here, "the competitive advantage" Plaintiff transparently sought was to obstruct unionization of its employees.

The purpose of the Lanham Act is to enhance commercial competition and protect the quality of goods and services. "The Lanham Act provides national protection of trademarks in order to secure to the owner of the mark the goodwill of his business and to protect the ability of consumers to distinguish among competing producers. National protection of trademarks is desirable, Congress concluded, because trademarks foster competition and the maintenance of quality by securing to the producer the benefits of good reputation." *Park 'n Fly v. Dollar Park & Fly*, 469 U.S. 189, 198, 105 S. Ct. 658, 663 (1985). As *Giant Food* makes clear, none of the salutary policies of the Lanham Act are impeded in any way by use of an employer's name or logo in an employee organizing drive. Obstructing unionization of employees, a right protected by the National Labor Relations Act and Article I Section 19 of the New Jersey Constitution, is simply not a proper basis or motivation for a Lanham Act lawsuit, and clearly renders this case "not run-of-the-mill" trademark litigation. See *Fair Wind*, 764 F.3d at 315 *Octane Fitness*, 572 U.S. at 554.

Thus, the second *Octane Fitness* factor weighs strongly in favor of awarding attorney's fees.

3.   OBJECTIVE UNREASONABLENESS

The Court was able to decide this matter before Defendants' answered under a 12(b)(6) motion. While of course not every Lanham Act case dismissed pre-Answer warrants fees, the fact that Defendants secured such a prompt victory is some evidence of objective unreasonableness. Cf. *Morning Sun*, 826 Fed. Appx. at 170 (failure to file motion to dismiss evidential of obejective reasonableness of suit); accord *Greenberg v. Perfect Body Image, LLC*,

No. 20-3912-cv, 2022 U.S. App. LEXIS 2775, at *3, 2022 U.S.P.Q.2D (BNA) 104, 2022 WL 275378 (2d Cir. Jan. 31, 2022). Additional evidence of objective unreasonableness is provided in Defendants' discussion of frivolousness above, and is incorporated herein. See *Gym Door Repairs v. Total Gym Repairs*, No. 15-CV-4244 (JGK) (OTW), 2021 U.S. Dist. LEXIS 34790, at *11 (S.D.N.Y. Feb. 22, 2021) (noting with regard to frivolousness and objective reasonableness, "(a)lthough these two factors are not necessarily coextensive, these factors overlap considerably.")

Here, the third *Octane Fitness* factor weighs in favor of an award of fees.

4. COMPENSATION

Defendant MTPU is a small unincorporated association that is essentially asset-less, and could not afford to litigate this matter. Defendant American Guild of Variety Artists ("AGVA") is a labor organization of less than 2,000 members nationally.[2] Plaintiff's annual revenues exceed $200 million. See https://growjo.com/company/Medieval_Times (last visited October 7, 2023). This disparity in financial strength may be considered as factor, although not outcome-determinative, for whether fees should be awarded under the Lanham Act. *Wakefern Food Corp. v. Marchese*, 2023 U.S. App. LEXIS 12158 at 5, 2023 WL 3497880 (3d Cir. May 16, 2023). Thus, this fourth *Octane Fitness* factor weighs in favor of an award of fees.

5. DETERRENCE

An award of fees here will specifically deter Plaintiff from abusing the Lanham Act in the future when employees at facilities outside New Jersey seek to organize as part of its anti-

---

[2] As set forth in AGVA's most recent LM-2 report. https://olmsapps.dol.gov/query/orgReport.do?rptId=868838&rptForm=LM2Form (last visited October 7, 2023).

union strategy. A fee award here will generally deter other employers seeking to resist unionization from misusing trademark law to frustrate their employees' rights under Section 7 of the National Labor Relations Act. Hence, the fifth *Octane Fitness* factor supports an award of fees.

## CONCLUSION

Not every *Octane Fitness* factor need be demonstrated in order for a prevailing party to be deemed entitled to a fee award for the "exceptional" case under the Lanham Act. *Miller v. Hurst*, No. 21-5506, 2022 U.S. App. LEXIS 2494, at *10 (6th Cir. Jan. 26, 2022) ("Here, the district court considered the *Fogerty* factors and correctly recognized that they are non-exclusive and need not all weigh in favor of the prevailing party to justify an award of attorney fees."). Here, each of the *Octane Fitness* factors favors an award of fees. As such, this case "stands out from others," sufficient for such an award, see *Octane Fitness*, LLC, 572 U.S. at 554, and it is respectfully requested that the Court find this case exceptional and grant the requested award of fees and costs.

Respectfully Submitted

  /s/David Tykulsker
DAVID TYKULSKER, Esq.
DAVID TYKULSKER & ASSOCIATES
161 Walnut St.
Montclair, NJ 07042
(973) 509-9292 (office)
(973) 509-1181 (facsimile)
david@dtesq.com

Dated: October 12, 2023